UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronena Shantel Walker,                                        Civil No. 10-3096 (SRN/FLN)

   Plaintiff,

  v.                                                                              **ORDER**

Kevin Foster, Jennifer Wilmes, and
Nancy Harrington,

   Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated July 29, 2011 (Doc. No. 23). Petitioner timely filed objections to the R&R. (Doc. No. 24.)

  This Court has conducted a de novo review of any portion of the R&R to which Plaintiff has made specific objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.02(b). Based on its review, this Court adopts the R&R, as modified with respect to the particular disposition of the action.

  Plaintiff Ronena Shantel Walker is currently incarcerated at the Minnesota Correctional Facility in Shakopee (MCF-SHK). Walker filed this Section 1983 against several Department of Corrections employees at MCF-SHK, Defendants Kevin Foster, Jennifer Wilmes, and Nancy Harrington, alleging they used excessive force against her in violation of her constitutional rights, but without expressly identifying the capacity in which Defendants were being sued. (Doc. No. 1.) Magistrate Judge Noel properly denied relief on the grounds that where, as here, the Complaint does not allege that a

governmental official is being sued in their personal capacity, the Court must assume that they are being sued solely in their official capacity, and that the Eleventh Amendment bars suits against state officials in their official capacity.  (Doc. No. 23, at 3-5.)  Judge Noel also ruled that Walker failed to exhaust her administrative remedies.  (Id. at 5-7.)

Walker's objections to the R&R, however, largely address only the merits of her Section 1983 claim.  (Doc. Nos. 24 & 26.)  Walker does not challenge the conclusion that Defendants are entitled to immunity.  And although Walker, in her unauthorized second submission objecting to the R&R, addresses exhaustion, she simply asserts that pursuing the requisite administrative procedures would be a "waste [of her] time."  (Doc. No. 26.)  Accordingly, this Court adopts the R&R with respect to its analysis of the Eleventh Amendment and exhaustion.

The Court notes that Defendants expressly moved for summary judgment based on the Eleventh Amendment and Walker's failure to exhaust her administrative remedies.  (Doc. Nos. 9 & 10.)  Immunity under the Eleventh Amendment, however, presents a jurisdictional question collateral to the merits.  Brown v. United States, 151 F.3d 800, 803-04 (8th Cir. 1998).  Accordingly, it is not appropriate for summary judgment.  Id.  Likewise, failure to exhaust has also been treated as jurisdictional.  Great Rivers Habitat Alliance v. Federal Emergency Management Agency, 615 F.3d 985, 991 (8th Cir. 2010) ("The district court correctly concluded it lacked jurisdiction because appellants failed to exhaust their administrative remedies by filing a proper appeal with FEMA.").  Thus, the proper form of relief is to dismiss the action without prejudice.  Brown, 151 F.3d at 804.

Finally, the Court notes that although a dismissal without prejudice does not result in claim preclusion, "an *issue* actually decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties." Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001) (emphasis in original).

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Noel's Report and Recommendation [Doc. No. 23] is **ADOPTED AS MODIFIED**;

2. Defendant's motion for summary judgment [Doc. No. 9] is **DENIED AS MOOT**; and

3. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Dated:  August 30, 2011

   s/ Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge